## Taylor Mason, Plaintiff in Error, v. Charles C. Clark et al., Defendants in Error.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

2. INSTRUCTIONS—*when improper will not reverse.* The giving of an instruction not applicable to the facts of the case will not reverse unless prejudice resulted.

3. INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of the vice of an instruction where instructions tendered by him and given contain a like vice.

Error to the Circuit Court of Wabash county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

E. B. Green and Theodore G. Risley, for plaintiff in error.

P. J. Kolb and George P. Ramsey, for defendants in error.

Mr. Justice Higbee delivered the opinion of the court.

This was an action to recover damages for a breach of warranty of the soundness of a stallion sold by defendants in error to plaintiff in error. The jury found the issues for the defendants in error and judgment was entered against Mason, plaintiff in error, who brings the same here by writ of error.

The controversy grows out of the following circumstances: Clark and Price, defendants in error, lived in Allendale, Wabash county, Illinois, and Clark, who seems to have transacted the business in regard to selling the stallion, took the horse to Mason's farm in Knox county, Indiana, on Thursday, April 11, 1907, and while there sold and delivered the same to Mason for $300. It was agreed that Mason should meet Clark at Allendale the following Saturday and give his note for the $300 to Clark and Price and that they should at the same time give him a written warranty as to the horse. Nothing appeared to be wrong with the horse at the time of the sale but on Saturday the horse had a cough and was running at the nose and when Mason reached Allendale on that day he told Clark the horse had symptoms of distemper to which Clark replied that "No horse on the place had distemper" and that appears to have been all that was said about the condition of the horse at that time. Mason delivered his note for the $300 and Clark and Price gave a written warranty to him dated April 13, 1907, which stated among other things, "We the said parties of the first part do hereby guarantee the said horse to be sound in every respect." Mason returned home and from

that time on the horse appears to have grown worse until he died on the following Thursday. The horse was treated by a veterinary surgeon during its sickness and on Saturday morning after it died the same veterinarian made a post morten examination and found the lungs of the horse filled with a white tissue, and dry pus and in a decayed condition. He gave as his opinion on the trial that the immediate cause of death was congestion of the lungs, which had been superinduced by a diseased condition of the lungs that must have existed some time before the sale. Clark testified they had owned the horse six months before the sale, that he had never been sick in that time, never coughed or ran at the nose, had good wind and was in good condition when delivered. As to the condition of the horse when delivered Clark was corroborated by the man who went with him, and as to the general condition of the horse before that time, by a number of witnesses.

An instruction given for defendants in error told the jury that a general warranty of the soundness of a horse did not include defects, diseases or blemishes, which were open, visible or apparent to a person of ordinary skill and intelligence. It is said by plaintiff in error that this was calculated to mislead the jury. It is true the instruction was not applicable to the case and was no doubt inadvertently given but it could not have prejudiced the case of plaintiff in error, for the reason that there was no evidence in the case, even tending to show, nor does it appear to have been claimed by defendants in error, that the horse had any open, visible or apparent defect, disease or blemish at the time of the sale.

Plaintiff in error complains that another instruction given for defendants in error stated the law to be that before plaintiff in error could recover in the case, he must prove by a preponderance of the evidence that the horse was afflicted with the disease from which

he died at the time he was sold to plaintiff in error by the defendants in error. This instruction appears to us to have declared the law correctly, but even if that were not so, plaintiff in error could not be heard to complain of the instruction, for the reason that one was given at his request which laid down the same rule of law. The guaranty given by defendants in error on April 13, 1907, must be held to have related to the condition of the horse at the time of his sale and delivery on April 11, and the only question of fact for the jury was whether he was sound in every respect at the time of the sale and the delivery. Upon this question there was some conflict in the evidence but the proofs as a whole seem to sustain the verdict.

The judgment of the court below will therefore be affirmed.

*Judgment affirmed.*